PER CURIAM
*751 Grandmother, the children's guardian, appeals judgments taking dependency jurisdiction of the children. The children are wards of the court and were placed in durable guardianships with their maternal grandparents in 2011. In 2018, the children were removed from the guardians' care. The juvenile court took jurisdiction over the children based on mother's admissions and allegations regarding grandfather's substance abuse, grandmother's failure to protect the children from grandfather's substance abuse, and grandmother's leaving the children with unsafe care-givers. Grandmother argues that there was legally insufficient evidence that grandfather's substance abuse presented a current risk of serious harm to the children and, as a result, all of the allegations against grandparents are unsupported. DHS concedes that the evidence is legally insufficient to support dependency jurisdiction over the children and that the judgments should be reversed. See Dept. of Human Services v. C. J. T. , 258 Or. App. 57, 61, 308 P.3d 307 (2013) ("To 'endanger' the welfare of a child means to expose the child to conditions or circumstances that present a current threat of serious loss or injury.").
In reviewing the juvenile court judgment, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." Dept. of Human Services v. N. P. , 257 Or. App. 633, 639, 307 P.3d 444 (2013). Here, we agree with and accept DHS's concession that the evidence is legally insufficient. Accordingly, we reverse the jurisdictional judgments.
Reversed.